**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

TALIK GARCIA, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*,

    Plaintiff,

v.

POP A LOCK NEW YORK INC.,
AUTOMOTIVE LOCKSMITH SUPPLY INC.,
ALL CITY SERVICES & DISPATCH INC.,
CARL NAPOLITANO,
NICHOLAS NAPOLITANO, and
JENNIFER CANNIZZARO,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff TALIK GARCIA ("Plaintiff GARCIA" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Complaint against Defendants, POP A LOCK NEW YORK INC., AUTOMOTIVE LOCKSMITH SUPPLY INC., ALL CITY SERVICES & DISPATCH INC. ("Corporate Defendants"), CARL NAPOLITANO, NICHOLAS NAPOLITANO, and JENNIFER CANNIZZARO ("Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

1

# INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to an impermissible policy of rounding hours down; (2) unreimbursed costs for tools of the trade; (3) liquidated damages; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), that he and other similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to an impermissible policy of rounding hours down; (2) unreimbursed costs for tools of the trade; (3) statutory penalties; (4) liquidated damages; and (5) attorneys' fees and costs.

3. Plaintiff further alleges that, pursuant to New York State Human Rights Law N.Y. Exec. Law § 296 ("NYSHRL"), Plaintiff is entitled to recover from Defendants for hostile work environment created by racial discrimination: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

4. Plaintiff further alleges that, pursuant to New York City Human Rights Law Administrative Code of City of NY § 8-107 ("NYCHRL"), Plaintiff is entitled to recover from Defendants for hostile work environment created by racial discrimination: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

# JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

**PARTIES**

7. Plaintiff TALIK GARCIA is a resident of Kings County, New York.

8. Defendants own and operate a locksmith located at 765 Forest Avenue, Staten Island, NY 10310.

9. All Defendants operate and own the locksmith. Corporate Defendants share the same office located at 765 Forest Avenue, Staten Island, NY 10310. Corporate Defendants all share the same phone number: (718) 448-3333. Corporate Defendants POP A LOCK NEW YORK INC., and AUTOMOTIVE LOCKSMITH SUPPLY INC. are owned and operated by Individual Defendants CARL NAPOLITANO, and JENNIFER CANNIZZARO. All Corporate Defendants are in charge of hiring and firing employees, setting employee schedules, and paying employees.

10. Corporate Defendant POP A LOCK NEW YORK INC. is a domestic business corporation organized under the laws of the State of New York, with its principal place of business located at 765 Forest Avenue, Staten Island, NY 10310, and an address of service of process located at The Corporation, 90 Pilot Lane, Staten Island, NY 10309.

11. Corporate Defendant AUTOMOTIVE LOCKSMITH SUPPLY INC. is a domestic business corporation organized under the laws of the State of New York, with its principal place of business located at 765 Forest Avenue, Staten Island, NY 10310, and an address of service of process located at c/o Carl Napolitano, 90 Pilot Lane, Staten Island, NY 10309.

12. Corporate Defendant ALL CITY SERVICES & DISPATCH INC. is a domestic business corporation organized under the laws of the State of New York, with its principal place of business and an address for service of process located at 765 Forest Avenue, Staten Island, NY 10310.

13. Individual Defendant CARL NAPOLITANO is the President and Owner of Corporate Defendants POP A LOCK NEW YORK INC. and AUTOMOTIVE LOCKSMITH SUPPLY INC. and has operational control of Corporate Defendants. Individual Defendant CARL NAPOLITANO exercises the power to (and also delegate to managers and supervisors the power to: (i) fire and hire employees; (ii) supervise and control employee work schedules; (iii) determine the rate and method of pay; (iv) maintain employment records; and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class Members of Corporate Defendants. Individual Defendant CARL NAPOLITANO has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant CARL NAPOLITANO additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant CARL NAPOLITANO ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Corporate Defendants are operating efficiently and profitably.

14. Individual Defendant NICHOLAS NAPOLITANO is the Owner and Principal of Corporate Defendants POP A LOCK NEW YORK INC. and AUTOMOTIVE LOCKSMITH SUPPLY INC. and has operational control of Corporate Defendants. Individual Defendant NICHOLAS NAPOLITANO exercises the power to (and also delegate to managers and supervisors the power to: (i) fire and hire employees; (ii) supervise and control employee work schedules; (iii) determine the rate and method of pay; (iv) maintain employment records; and (v)

otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class Members of Corporate Defendants. Individual Defendant NICHOLAS NAPOLITANO has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant NICHOLAS NAPOLITANO additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant NICHOLAS NAPOLITANO ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Corporate Defendants are operating efficiently and profitably

15.     Individual Defendant JENNIFER CANNIZZARO is the Owner and Principal of Corporate Defendants POP A LOCK NEW YORK INC. and AUTOMOTIVE LOCKSMITH SUPPLY INC. and has operational control of Corporate Defendants. Individual Defendant CARL NAPOLITANO exercises the power to (and also delegate to managers and supervisors the power to: (i) fire and hire employees; (ii) supervise and control employee work schedules; (iii) determine the rate and method of pay; (iv) maintain employment records; and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class Members of Corporate Defendants. Individual Defendant CARL NAPOLITANO has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant CARL NAPOLITANO additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect

the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant CARL NAPOLITANO ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Corporate Defendants are operating efficiently and profitably

16. At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

17. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to drivers, roadside technicians, locksmiths, and dispatchers among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

19. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to (i) pay wages, including overtime, due to an impermissible policy of rounding hours down; and (ii) reimburse for tools of the trade. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

20. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

21. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including, but not limited to drivers, roadside technicians, locksmiths, and dispatchers among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

22. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

23. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

24. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages, including overtime, due to an impermissible policy of rounding hours down ; (ii) failing to reimburse for tools of the trade; (iii) failing to provide proper wage statements per requirements of the NYLL; and (iv) failing to provide wage and hour notices, at date of hiring and annually, per requirements of the NYLL.

25. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

26. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation

would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

29. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    (a) Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

9

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class Members;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class Members for their work;

(d) Whether Defendants properly notified Plaintiff and Class Members of their regular hourly rate and overtime rate;

(e) Whether Defendants properly compensated Plaintiff and Class Members for all hours worked, including overtime hours;

(f) Whether Defendants utilized an impermissible policy of rounding down hours of Plaintiff and Class Members;

(g) Whether Defendants reimbursed Plaintiff and Class Members for the cost of purchasing and maintaining tools of the trade;

(h) Whether Defendants provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL; and

(i) Whether Defendants provided wage and hour notices to Plaintiff and Class Members, at date of hiring and annually, per requirements of the NYLL.

## STATEMENT OF FACTS

*Wage and Hour Claim:*

30. In or around October 2021, Plaintiff TALIK GARCIA was hired by Defendants to work as a driver out of a building located at 765 Forest Avenue, Staten Island, NY 10310. Plaintiff's employment with Defendants was terminated in or around June 26, 2022.

31. From the start of his employment until in or around November 2021, Plaintiff was regularly scheduled to work three (3) days from 8:00 a.m. to 8:00 p.m., and two (2) day a week from 9:00 am to 9:00 p.m., for a total of sixty (60) hours per week. From in or around November 2021 until the end of his employment, Plaintiff worked one (1) day from 3:00 p.m. to 11:00 p.m., two (2) days from 2:00 p.m. to 10:00 p.m., and two (2) days from 9:00 a.m. to 9:00 p.m., for a total of forty-eight (48) hours per week.

32. Throughout his employment by Defendants, Plaintiff was compensated at a regular rate of sixteen dollars ($16.00) per hour and an overtime rate of twenty-four dollars ($24.00) per hour. At all times, Plaintiff GARCIA was paid by weekly checks.

33. Throughout Plaintiff's employment with Defendants, Plaintiff's spent almost all of his time performing manual labor driving around and helping people that called for roadside assistance. Such tasks included: performing jump starts; changing tires; getting gas; etc.

34. Throughout his employment with Defendants, Plaintiff GARCIA was not always paid the overtime premium of one-and-one-half times his regular rate of pay for his hours worked in excess of forty (40) per week due to Defendants' impermissible policy of rounding hours down, as required under the FLSA and NYLL.

35. Defendants subjected Plaintiff GARCIA to an impermissible and non-neutral policy whereby daily hours worked were rounded down to the nearest hour for purposes of calculating compensation. This policy of rounding down hours resulted in Plaintiff being compensated for less hours than he actually worked. Because he worked over forty (40) hours per week, this improper rounding resulted in unpaid overtime compensation. Likewise, FLSA Collective Plaintiffs and Class Members were subject to Defendants' rounding policy and suffered uncompensated regular and overtime hours as a result.

36. Throughout Plaintiff GARCIA's employment with Defendants, Plaintiff was required to maintain his vehicle and purchase his own tools. Defendants provided Plaintiff with a company vehicle, but Plaintiff was responsible for gas, tolls, and tickets. In total, Plaintiff spent about two hundred fifty dollars ($250) per week to maintain the vehicle. In addition, Plaintiff was required to purchase his own tools, such as jacks, jumper cables, slim jim, wheel lock tools, and air compression tools. In total, Plaintiff spent four hundred dollars ($400) per week on tools. Similarly, FLSA Collective Plaintiffs and Class Members were also similarly not reimbursed by Defendants for the cost of maintaining vehicles and purchasing tools.

37. Defendants failed to provide wage and hour notices, at the date of hiring and annually thereafter, to all their employees in violation of the requirements of the NYLL.

38. At all relevant times, the wage statements that Defendants provided to Plaintiff and Class Members were improper because they failed to accurately reflect the employees' hours worked.

39. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members their wages, including the proper overtime wages at a rate that is at least one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek due to improper rounding, in violation of the FLSA and NYLL.

40. Defendants knowingly and willfully operated their business with a policy of not providing wage and hour notices to Plaintiff and Class Members, at the beginning of employment and annually thereafter, in violation of the NYLL.

41. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to all their employees as required under the NYLL, as the wage statements did not accurately reflect the number of hours worked by employees.

*Hostile Work Environment Claims*

42. Throughout his employment, Plaintiff GARCIA suffered from Defendants permitting Manager Luis [LNU] to constantly abuse and harass Plaintiff and foster a hostile work environment based on Plaintiff's race and national origin. Additionally, Defendants further allowed for a hostile work environment when Plaintiff Brown's supervisors and managers constantly abused and harassed Plaintiff BROWN and other Jamaican and African American employees.

43. Throughout his employment, Plaintiff GARCIA suffered because he was African American. He was constantly, on a daily basis, called "Nigger," by his Manager Luis [LNU]. Luis [LNU] would say things like, "What's up Nigger?" and "Hurry up Nigger."

44. Plaintiff told his Manager Luis [LNU] several times that he did not want to be called a "Nigger." However, Luis [LNU] continued to call Plaintiff a "Nigger."

45. Plaintiff, and other African American co-workers, suffered from these derogatory comments based on race. They were given the hardest routes. Furthermore, Plaintiff was given a car without air conditioning.

46. When Plaintiff complained about this to Manager Luis [LNU], nothing was done.

47. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

48. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

49. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

51. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

52. At all relevant times, Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime due under the FLSA.

53. At all relevant times, Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek due to impermissible rounding.

54. At all relevant times, Defendants willfully failed to reimburse Plaintiff and FLSA Collective Plaintiffs for the cost of maintaining their vehicles and purchasing tools, which resulted in them incurring additional damages on top of not being properly compensated for all hours they worked.

55. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

56. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their intentional failure to compensate Plaintiff and FLSA Collective Plaintiffs for every hour they worked, including overtime hours.

57. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

58. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

59. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to an impermissible policy of rounding hours down; reimbursements for the cost of maintaining vehicles and purchasing tools; plus an equal amount as liquidated damages.

60. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

61. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

62. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

63. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class Members the full amount of wages due, including overtime, under the NYLL.

64. Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to rounding.

65. Defendants knowingly and willfully violated Plaintiff's and the Class Members' rights by failing to reimburse them for the cost of maintaining their vehicles and purchasing tools.

66. Defendants knowingly and willfully failed to provide wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class Members, as required by NYLL § 195(1).

67. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members with every wage payment, as required by NYLL § 195(3). Defendants provided fraudulent wage statements that failed to accurately reflect the hours worked by Plaintiff and Class Members.

68. Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages, including overtime, due to an impermissible policy of rounding hours down; reimbursements for the cost of maintaining vehicles and purchasing tools; damages for unreasonably delayed payments; liquidated damages; statutory penalties; reasonable attorneys' fees; and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

# HOSTILE WORK ENVIRONMENT RACIAL DISCRIMINATION IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

**(New York State Executive Law § 296 *et seq*.)**

69. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

70. The New York State Human Rights Law ("NYSHRL") prohibits discrimination in the terms conditions, and privileges of employment, and the retaliation therefor, on the basis of an individual's race.

71. Plaintiff is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employees under the NYSHRL. Plaintiff is African American.

72. Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment, in the form of failing to address the constant harassment and abuse made against Plaintiff on the basis of his race by Manager Luis [LNU].

73. Plaintiff was given the hardest routes. Furthermore, Plaintiff was given a car without AC.

74. As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury including economic damages, and past and further physical and emotional distress.

75. Due to Defendants' violations under the NYSHRL, Plaintiff is entitled to recover from Defendants: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

**COUNT IV**

## HOSTILE WORK ENVIRONMENT RACIAL DISCRIMINATION IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW

76. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

77. The New York City Human Right Law ("NYCHRL") prohibits discrimination in the terms, conditions, and privileges of employment, and the retaliation thereof, on the basis of an individual's race.

78. Defendants have and have had at all relevant times herein, at least four (4) persons in their employment. Plaintiff is an employee and a qualified person within the meaning of the NYCHRL and Defendants are covered employees under the NYCHRL. At all relevant times, Plaintiff is African American.

79. Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment, in the form of failing to address the constant harassment and abuse made against Plaintiff on the basis of his race by Manager Luis [LNU].

80. Plaintiff was given the hardest routes. Furthermore, Plaintiff was given a car without AC.

81. As a result of Defendants' unlawful employment practices, Plaintiff sustained injury, including economic damages, the past and future physical and emotion distress, and costs of bringing this action.

82. Due to Defendants' violation under the NYCHRL, Plaintiff is entitled to recover from Defendants: (1) back wages; (2) compensatory and punitive damages; and (3) attorneys' fees and costs.

18

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief :

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, NYSHRL, and NYCHRL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to an impermissible policy of rounding hours down to a due under the FLSA and NYLL;

d. An award of unpaid wages due to Defendants' failure to reimburse for the cost for maintaining vehicles and purchasing tools under FLSA and NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty (40) per workweek, pursuant to the FLSA;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty (40) per workweek, pursuant to the NYLL;

h. An award of back pay and compensatory damages due under the NYSHRL and NYCHRL;

i. An award of punitive damages under the NYSHRL and NYCHRL;

j. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

k. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m. Designation of Plaintiff as Representative of the Class; and

n. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: September 7, 2022

> Respectfully submitted,
> By:    /s/ C.K. Lee
>       C.K. Lee, Esq.
>
> LEE LITIGATION GROUP, PLLC
> C.K. Lee (CL 4086)
> Anne Seelig (AS 3976)
> 148 West 24th Street, 8th Floor
> New York, NY 10011
> Tel.: 212-465-1188
> Fax: 212-465-1181
> *Attorneys for Plaintiff,*
> *FLSA Collective Plaintiffs, and the Class*