UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
TALIK GARCIA,

                Plaintiff,

   -against-

                                                                O R D E R

POP A LOCK NEW YORK INC.,                     22 CV 5305 (RML)
AUTOMOTIVE LOCKSMITH SUPPLY
INC., ALL CITY SERVICES &
DISPATCH INC., CARL NAPOLITANO,
NICHOLAS NAPOLITANO, and
JENNIFER CANNIZZARO,

                Defendants.
---------------------------------------------------------X

LEVY, United States Magistrate Judge:

        Plaintiff Talik Garcia ("plaintiff") has filed a motion for default judgment. (Motion for Default Judgment, dated Aug. 29, 2024, Dkt. No 50.)  For the reasons stated below, plaintiff's motion is denied without prejudice to renewal.

        "A motion for default judgment will be denied if the movant fails to follow all relevant procedural rules."  Lopez v. Metro & Graham LLC, No. 22 CV 332, 2022 WL 18809176, at *3 (E.D.N.Y. Dec. 16, 2022), report and recommendation adopted, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023) (citations omitted).  Plaintiff's motion is procedurally deficient on two grounds.  First, plaintiff's motion does not comply with the Servicemembers Civil Relief Act, 50a U.S.C. § 521.  On a motion for default judgment, a plaintiff is required to file an affidavit that states whether the defendant is serving in the military and must show necessary facts in support of the affidavit.  50 U.S.C. § 3931(b)(1).  Plaintiff has filed no such affidavit.  Accordingly, his motion may be denied for this reason alone.  See Lopez, 2022 WL 18809176, at *5 ("A plaintiff's failure to include 'a certification that the individual defendant is

not a servicemember' is grounds to deny a motion for default judgment.") (quoting <u>Bhagwat v. Queens Carpet Mall, Inc.</u>, No. 14 CV 5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017)).

Second, plaintiff has failed to comply with Local Civil Rule 55.2(a)(3). The Local Rules in the Eastern District require the movant to file "a certificate of service stating that all documents in support of the request for a default judgment … have been personally served on, or mailed to the last known residence (for an individual defendant) or business address (for other defendants) of, the party against whom default judgment is sought." LOC. CIV. R. 55.2(a)(3). "The aim of this rule is to promote 'fairness and efficiency' for all parties." <u>Lopez</u>, 2022 WL 18809176, at *4 (quoting <u>Miss Jones, LLC v. Viera</u>, No. 18 CV 1398, 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019)). Here, plaintiff has not filed a certificate of service and there is no indication that he mailed the default judgment papers to defendants. Plaintiff's failure to comply with Local Civil Rule 55.2(a)(3) requires denial of the motion. See <u>Dixon v. Int'l Unified Workforce, Inc.</u>, No. 18 CV 7191, 2020 WL 6140054, at *2 (E.D.N.Y. Sept. 1, 2020) ("Local Rule 55.2 is strictly construed, and failure to comply with the rule is alone a basis to deny the motion for default judgment.")

Because this is the first denial of the motion for default judgment, the motion is denied without prejudice to renewal. The motion correcting these deficiencies may be renewed no later than thirty days from the date of this order. Failure to renew the motion may lead to dismissal of the complaint and a direction that the Clerk of Court close the case.

SO ORDERED.

/s/
_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      February 28, 2025